IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF DANIEL G. ET AL.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF DANIEL G. ET AL., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
PACEDEON B., APPELLANT.

Filed November 19, 2013.    No. A-13-428.

Appeal from the Separate Juvenile Court of Douglas County: VERNON DANIELS, Judge. Affirmed.

Rodney C. Dahlquist, Jr., of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Donald W., Kleine, Douglas County Attorney, and Amy Schuchman for appellee.

INBODY, Chief Judge, and IRWIN and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

PaceDeon B. appeals from an order of the separate juvenile court of Douglas County terminating his parental rights to his daughter Aereelle F., born in November 2007. PaceDeon challenges both the statutory grounds for termination of his parental rights and the juvenile court's finding that termination of his parental rights is in Aereelle's best interests. For the reasons that follow, we affirm.

## II. BACKGROUND

In November 2011, the State filed an amended petition in which it alleged that the three children of Shanna F.--Aereelle, Daniel G., and Davieiona G.--were children within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008). The record reflects that Shanna was subsequently in the process of relinquishing her rights to her children, and she is not a party to

this appeal. A supplemental petition, filed October 9, 2012, involved only Aereelle and alleged that she was a child within the meaning of § 43-247(3)(a) as to PaceDeon, because PaceDeon had failed to provide proper parental care and support for Aereelle and because his incarceration made him unable to parent her, all of which placed her at risk of harm.

The supplemental petition further alleged that Aereelle was a child within the meaning of Neb. Rev. Stat. § 43-292(1), (2), (7), and (9) (Cum. Supp. 2012) and that terminating PaceDeon's parental rights was in her best interests. A hearing was held on April 11, 2013. The evidence showed that PaceDeon had a very extensive criminal history and that he was currently incarcerated following his plea of no contest to felony charges of possession of a deadly weapon, two charges of terroristic threats, and two charges of use of a deadly weapon. On April 19, 2012, PaceDeon was sentenced to three consecutive terms of 10 to 15 years' imprisonment on the weapons convictions, as well as two terms of 20 months' to 5 years' imprisonment on the terroristic threats convictions, which are to be served concurrently with the sentences for the weapons convictions. He was given credit for 371 days served.

Michelle Thompson, a family permanency specialist, testified that Aereelle, age four at the time of PaceDeon's latest incarceration, had been in foster care since November 2011. Thompson stated that Aereelle had not received any cards, letters, or gifts from PaceDeon. Thompson testified that it was in Aereelle's best interests that PaceDeon's parental rights be terminated, because Aereelle would be an adult by the time he was released from prison and she needed to have permanency at this time.

Following the hearing, the juvenile court found that the allegations of the petition were true, that Aereelle should be adjudicated under § 43-247(3)(a), and that it was in her best interests that PaceDeon's parental rights be terminated. PaceDeon timely appealed from this order.

## III. ASSIGNMENTS OF ERROR

PaceDeon asserts, as summarized, that the juvenile court erred in finding clear and convincing evidence to terminate his parental rights and in finding that it was in Aereelle's best interests to do so.

## IV. STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Leland B.*, 19 Neb. App. 17, 797 N.W.2d 282 (2011). When the evidence is in conflict, however, an appellate court may give weight to the fact that the juvenile court observed the witnesses and accepted one version of the facts over the other. *Id*.

For a juvenile court to terminate parental rights under § 43-292, it must find that one or more of the statutory grounds listed in this section have been satisfied and that termination is in the child's best interests. *In re Interest of Leland B., supra*. The State must prove these facts by clear and convincing evidence. *Id*. Clear and convincing evidence is that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of the fact to be proven. *Id*.

V. ANALYSIS

PaceDeon contends that the State did not present clear and convincing evidence to terminate his parental rights. Termination of parental rights is warranted whenever one or more of the statutory grounds provided in § 43-292 is established. If an appellate court determines that the lower court correctly found that termination of parental rights is appropriate under one of the statutory grounds set forth in § 43-292, the appellate court need not further address the sufficiency of the evidence to support termination under any other statutory ground. *In re Interest of Justin H. et al.*, 18 Neb. App. 718, 791 N.W.2d 765 (2010).

Section 43-292(7) provides for termination of parental rights when "[t]he juvenile has been in an out-of-home placement for fifteen or more months of the most recent twenty-two months." This section operates mechanically and, unlike the other subsections of the statute, does not require the State to adduce evidence of any specific fault on the part of a parent. *In re Interest of Justin H. et al., supra.*

In the instant case, the State alleged and the juvenile court found that termination of PaceDeon's parental rights was warranted pursuant to § 43-292(1), (2), (7), and (9). Thompson testified that Aereelle had been in foster care since November 2011. Accordingly, it is clear that Aereelle has been in out-of-home placement for 15 or more months of the most recent 22 months, as required by § 43-292(7). There is clear and convincing evidence that termination of PaceDeon's parental rights was appropriate pursuant to § 43-292(7). This assigned error is without merit.

PaceDeon next assigns that the juvenile court erred in finding that termination of his parental rights was in Aereelle's best interests. In cases where termination of parental rights is based solely on § 43-292(7), appellate courts must be particularly diligent in their de novo review of whether termination of parental rights is, in fact, in the child's best interests. *In re Interest of Kenna S.*, 17 Neb. App. 544, 766 N.W.2d 424 (2009). In such a situation, because the statutory ground for termination does not require proof of such matters as abandonment, neglect, unfitness, or abuse, as the other statutory grounds do, proof that termination of parental rights is in the best interests of the child will require clear and convincing evidence of circumstances as compelling and pertinent to a child's best interests as those enumerated in the other subsections of § 43-292. *In re Interest of Kenna S., supra.*

At the time of trial in April 2013, PaceDeon already had been incarcerated at least a year. We recognize that parental incarceration may not be utilized as the sole ground for termination of parental rights. See *In re Interest of Brettany M. et al.*, 11 Neb. App. 104, 644 N.W.2d 574 (2002). However, a parent's incarceration may be considered along with other factors in determining whether parental rights should be terminated. *Id.*

Although termination cannot be based solely on the fact that a parent has been incarcerated, courts may consider the attendant circumstances which are occasioned by incarceration. When the aggregate of these circumstances indicates clearly and convincingly that the children's best interests dictate termination of parental rights, such is proper. *Id.*

In the instant case, there was some testimony that PaceDeon would be incarcerated until 2032, although it was not clear whether that date accounted for any good time he may accumulate. In any event, there is no question but that PaceDeon will not be available to parent

Aereelle for many years to come and that she will certainly have reached the age of majority before his release. Although PaceDeon's incarceration was not voluntary, his illegal actions that placed him in prison were voluntary. See, e.g., *In re Interest of Azia B.*, 10 Neb. App. 124, 626 N.W.2d 602 (2001) (appellate court upheld finding of best interests where primary factor was that length of time father would be incarcerated would prevent him from being able to support his daughter emotionally, psychologically, mentally, and physically and nurture her).

When a parent is unable or unwilling to rehabilitate himself or herself within a reasonable time, the best interests of the child require termination of the parental rights. *In re Interest of Emerald C. et al.*, 19 Neb. App. 608, 810 N.W.2d 750 (2012). Children cannot, and should not, be suspended in foster care or be made to await uncertain parental maturity. *Id.*

We conclude that PaceDeon is unable to rehabilitate himself within a reasonable time. Aereelle has already been in foster care since November 2011. Thus, the evidence before us clearly and convincingly establishes that termination of PaceDeon's parental rights is in Aereelle's best interests.

## VI. CONCLUSION

After our de novo review of the record, we conclude that the juvenile court did not err in terminating PaceDeon's parental rights under § 43-292(7) and in finding that termination of his parental rights is in Aereelle's best interests. Accordingly, the order of the juvenile court is affirmed.

AFFIRMED.